UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

PATRICK TRACY,                    )
                                  )
          Petitioner              )
                                  )
     v.                           )        Civil No. 06-60-P-H
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          Respondent              )

### RECOMMENDED DECISION

Patrick Tracy was convicted in on October 29, 1993, of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 924.  The Court of Appeals affirmed his conviction on September 28, 1994.  United States v. Tracy, 36 F.3d 187 (1st Cir. 1994).  Tracy argued, *inter alia,* that his state court conviction for assault and battery should not be counted as a third predicate violent felony in arriving at the determination that he was an armed career criminal within the meaning of 18 U.S.C. § 924(e)(1).  The Court of Appeals rejected this contention.  Tracy, 36 F.3d at 198-99.

Docket entries reveal that on May 15, 1995, Patrick Tracy filed his first motion pursuant to 28 U.S.C. § 2255.  On September 28, 1995, this court denied that motion and on March 29, 1996, following Tracy's appeal of that denial, the First Circuit affirmed the District Court.  On December 24, 1996, Patrick Tracy filed a second motion pursuant to 28 U.S.C. § 2255 in this court, styling it as a motion for Writ of Coram Nobis.  It was denied on April 22, 1997, with the Court of Appeals affirming that denial on December 9, 1997.  Our District Court docket indicates that in 2001 this court received a certified copy

of an order entered in the Court of Appeals on July 31, 2001, denying petitioner's request to file a second habeas petition.

Tracy now claims that his sentence as an armed career criminal is in violation of the recent Supreme Court decision in <u>Shepard v. United States</u>, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005).  He has attempted to obtain leave to file a second and successive motion, but his efforts were rebuffed.  The Court of Appeals noted: "Under the relevant gatekeeping provision, a new rule of law can form the basis of a successive habeas petition only if that rule has been 'made retroactive to cases on collateral review by the Supreme Court.'"  <u>Tracy v. United States</u>, No. 05-1424 (1st Cir. Apr. 11, 2005) (quoting 28 U.S.C. § 2255, ¶ 8(2)).  As the Court of Appeals noted then, the Supreme Court has yet to make Shepard retroactive to cases on collateral review.  Nothing on that front has changed since last April, and even if it had, it would not give this court jurisdiction to entertain this second §2255 petition without Tracy having obtained leave to file a second or successive petition from the Court of Appeals.  Before this court can acquire jurisdiction to entertain a second or successive petition in a case such as this one the petitioner must obtain certification by a panel of the appropriate court of appeals.  28 U.S.C. § 2255, ¶ 8.  Petitioner has not done this; indeed the opposite result has been obtained in that the Court of Appeals dismissed petitioner's request for leave to file a second or successive petition.

Accordingly, I now recommend that this Court summarily **DISMISS** this motion as the Court does not have jurisdiction over it.

<u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated March 21, 2006

3